# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Adrian Parker, | |
| Petitioner, | |
| v. | Case No. 3:16-cv-452 JVB |
| Superintendent, | |
| Respondent. | |

## OPINION AND ORDER

Adrian Parker, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC-16-03-274) where a disciplinary hearing officer (DHO) found him guilty of Use and/or Possession of Cellular Telephone or Other Wireless or Cellular Communications Device in violation of Indiana Department of Correction (IDOC) policy A-121. ECF 1 at 1. As a result, he was sanctioned with the loss of 180 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.*

Parker identifies three grounds in his petition. Much of Parker's petition alleges that IDOC failed to follow internal policies in conducting his disciplinary hearing. However, the IDOC's failure to follow its own policy does not arise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Nevertheless, the court will analyze Parker's claims to determine whether any of them might present a basis for federal habeas corpus relief.

Ground One and Ground Three are based on Parker's challenge to the length of time between the initial charge and his hearing. Parker argues that his rights were violated because

1

there was a 53-day delay between the notice of the charges and his disciplinary hearing. ECF 1 at 2. Parker argues that he did not consent to the postponement of his hearing. *Id.* The Respondent concedes that there was a delay in Parker's hearing, but asserts that Parker's hearing was rescheduled on five occasions due to staffing shortages. ECF 7 at 3, 6.

The court holds that the postponement of Parker's hearing did not deprive him of any of his due process rights guaranteed under *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). While *Wolff* guarantees an inmate adequate notice prior to the hearing, there is no established timeframe in which the hearing must occur. Parker did not have a due process right to a speedy disciplinary hearing. *See e.g. U. S. ex rel. Houston v. Warden, Stateville Corr. Ctr.*, 635 F.2d 656, 658 (7th Cir. 1980) (holding that prisoner's due process rights were not violated by two-month delay between offense and disciplinary hearing). Moreover, Parker has not claimed to have suffered any prejudice from the delay. *See Peters v. Anderson*, 27 F. App'x 690, 692 (7th Cir. 2001) (unpublished) ("the delay was more likely to have enhanced than impeded [prisoner's] ability to marshal a defense").

In Ground One, Parker also argues "[d]ue process requires production of evidence when it is the item of proof, it is critical to the inmate's defense, it is in the custody of the prison officials, and it could be produced without impairing institutional concerns." ECF 1 at 2. However, Parker does not identify what evidence he believes should have been produced or considered. When Parker received the notice of the charges against him, he had the opportunity to request evidence. ECF 7-2 at 1. However, Parker check-marked the box that states, "I do not request any physical evidence." *Id.* Respondent's return to Parker's petition identified this issue, but Parker declined to address the issue in his traverse. Parker was not entitled to evidence that he did not request. Therefore, Ground One is denied.

2

In Ground Two, Parker argues that the DHO did not have sufficient evidence on which to find him guilty of violating A-121. ECF 1 at 2. The Respondent argues that there was sufficient evidence, citing the Conduct Report and photographic evidence ECF 7 at 7. The imposition of prison discipline will be upheld so long as there is some evidence to support the finding. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

Here, the DHO had sufficient evidence on which to find Parker guilty of A-121. The IDOC defines the A-121 offense as, "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Adult Disciplinary Process, Appendix I.

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. The Conduct Report states, "[o]n above time and date I Ofc. G. Exford was making my secure round when offender Parker Adrian was acting suspicious. I check the offenders (sic) property and found a cell phone on the offenders (sic) bed." ECF 7-1 at 1. The DHO relied on the Conduct Report, as well as an accompanying photograph of the confiscated cell phone, in finding Parker guilty. This was sufficient evidence.

Parker also appears to assert a chain-of-custody argument. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. In prison disciplinary cases, due process does not require a complete chain of custody. Rather, "[a]bsent some affirmative indication that a mistake may have been made, [the] hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). Here, there is no affirmative indication of a mistake. Therefore, the lack of a chain of custody report is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case.

SO ORDERED on April 19, 2017.

     s/ Joseph S. Van Bokkelen
     Joseph S. Van Bokkelen
     United States Distict Judge
     Hammond Division